*174
 
 Ruffin, Chief Justice.
 

 — This petition is given by the act of 1790,
 
 (Rev. ch.
 
 326), and the question brought here turns upon the construction of that act, and the subsequent one of 1798,
 
 (Rev. ch.
 
 504, sect. 3). The latter enacts that where any person shall make himself a party to prevent the prayer of the petition being granted, the party cast shall be adjudged to pay costs, as in other civil suits; and that all the requirements of the former act, as incumbent on the petitioner before the hearing of the petition, shall be strictly observed. The County Court gave a judgment in favour of the petitioner for his costs, which the Superior Court reversed, and the petitioner appealed to this Court. The question is, what is
 
 “
 
 making himself a party,” within the act, and how is it to be done ?
 

 In the Superior Court it seems to have been thought, that one did not make himself a party but by putting in a plea or answer. But no such thing seems to be within the purview of the act of 1790; and the frame of the proceedings is not altered by the act of 1798. The petition given is
 
 ex parte.
 
 There is to be no litigation of adverse legal or equitable rights between parties. The jurisdiction is confined to the narrow point of ascertaining whether there has been a mistake in the description in the patent, and correcting it. No equity against the correction, as of a purchaser without notice, is to be alleged or heard. It is true, that a kind of opportunity is tendered to the community of showing that there was no mistake; and a sort of expectation entertained that those who knew the truth would volunteer evidence of it at their own expense ; for it is provided, that the petitioner shall, thirty days before he prefers his petition, give notice of his intention to the owners of adjoining lands, and claimants, and that the petition shall not be heard the first term: to the end that all may be heard in opposition, and that
 
 *175
 
 those most likely to know the facts may have it in their power to aid the discretion of the Court, and uphold the the public justice, if they will. It was found that such an expectation was vain, and that few would undertake the contest, without, at least, an indemnity for their costs in case of success. This produced the act of 1798, which neither changes the pleadings or jurisdiction further than to give costs. The petition is in its frame still
 
 ex parte,
 
 and there is no matter for a plea or answer but the mistake. Upon that, the law makes up the issue with the petitioner, without the agency of any individual, and demands affirmative proof, which he must offer, although the parties notified were to admit it; and any person, as well as those notified, may at any time, pending the petition, contest it. There is then regularly no other method of proceeding, but this; that one desirous of opposing the petition should move the Court to be admitted a party, and obtain a rule for that purpose. Until that is done, no one can rightfully interfere; and the petitioner may object to the interference of one, who will not enter into an express prior rule to become liable for the costs, and secure them in such way as the Court may require. But if one, without the rule being formally entered, or being required by the petitioner to be so entered, does acts in Court which are allowed by the Court as to one opposing the prayer, and are entered of record, and which tend to delay the petitioner, and to increase his costs if he fail, he thereby makes himself a party substantially, and the Court may adjudge the costs against him as properly as if he had expressly engaged by rule to pay them. Such an actor cannot deny the^ acts which the record says are his acts; nor does it lie with him to deny that he did them rightfully,' that is, as party; and if so, as liable for costs. Here the petitioner (though unnecessarily, and therefore at his own expense,) made these persons defendants by name in the petition, and had subpoenas and copies served on them. They appeared to the suit by attorney, and made motions in the cause, and took orders to render the petitioner chargeable to them for their costs. The only purpose of having any order in the cause for a
 
 *176
 
 • survey is is to make the expense of it a part of the cost. These persons took such an order at one term, and at the next procured a continuance. The Court treats them as parties thus far, and they cannot complain of being treated in the same character throughout. The judgment of the County Court against them as parties, is, to another Court, tantamount to a declaration of the fact of their admission as parties, as much as if it appeared by a formal rule of that Court. For this reason, I should think, the Superior Court ought not to have reversed the judgment. But I also think, that the acts of these persons appearing of record compelled the County Court to give the judgment.
 

 The bill of costs is, however, incorrect; and to that extent, the execution must be set aside. It includes the fees of the clerk for copies of the petition, and subpoenas against these defendants, and of the sheriff, for serving them. This is not a proceeding between parties, until the cause is constituted in Court. The petitioner is at his own charges to give the notice; and a copy need not be served, except as he may choose to do so, to simplify his proof of notice. The clerk of this Court must therefore retax the costs; and the judgment of the Superior Court be reversed, and that of the County Court affirmed, except in the particulars méntioned, with costs to the petitioner in the Superior Court, and in this Court.
 

 Pee. Cueiam. Judgment reversed.